# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **JOHN JEREMIAH DOUGLAS,** | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §   No. 6:25-CV-00342-LS |
| | § |
| **DOUGLAS A. COLLINS,** | § |
| **SECRETARY, DEPT OF VETERANS** | § |
| **AFFAIRS AGENCY,** | § |
| | § |
| *Defendant.* | § |

## ORDER GRANTING MOTION FOR EXTENSION OF TIME FOR SERVICE

Plaintiff John Jeremiah Douglas, proceeding *pro se*, filed this case on August 6, 2025.[1] His deadline to serve Defendant Douglas A. Collins, Secretary of Veterans Affairs, was therefore November 4, 2025.[2] Plaintiff did not file proof of service by this date. On December 4, 2025, the Court issued an order to show cause to Plaintiff.[3] Plaintiff filed his response, requesting an additional sixty days to serve Defendant.[4] The Court will grant this order and give Plaintiff an additional sixty days from the date of this order to serve Defendant.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[5] However, the court must extend the time for service if the plaintiff can show good cause for his failure.[6] In this case, the Court, on its own, provided notice to Plaintiff that it intended to dismiss the action without

---

[1] ECF No. 1.
[2] *See* Fed. R. Civ. P. 4(m).
[3] ECF No. 7.
[4] ECF No. 8.
[5] Fed. R. Civ. P. 4(m).
[6] *Id.*

prejudice, unless Plaintiff could show good cause for his failure to serve Defendant within the ninety-day time period. Plaintiff responded that he suffered from a medical emergency during this time period that left him unable to serve Defendant or request an extension of time.[7]

Good cause for failure to timely serve a defendant "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[8] Also, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance" is required.[9]

The Court need not determine whether Plaintiff's excuse qualifies as good cause. Instead, the Court notes that Plaintiff's EEOC appeal decision was issued on June 6, 2025.[10] Plaintiff had ninety days to file suit in federal district court after that date.[11] If the Court dismisses Plaintiff's action, his case will be barred. Therefore, the Court does not consider it appropriate to dismiss the case at this time.[12] The Court will grant Plaintiff's motion for an extension of time for service [ECF No. 8]. Plaintiff has until **February 13, 2026**, to serve Defendant. Plaintiff is reminded that he is responsible for having the summons and complaint served within the time allowed.[13]

    **SO ORDERED**.

---

[7] ECF No. 8 at 2–3.
[8] *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).
[9] *Id.* (quoting *Lambert*, 44 F.3d at 299).
[10] ECF No. 1-2 at 6.
[11] *Id.* at 5.
[12] *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512–13 (5th Cir. 2013) (holding that a district court's dismissal under Rule 4(m) requires "a clear record of delay or contumacious conduct by the plaintiff" when the statute of limitations would bar future litigation (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008))); *Shah v. Novelis*, No. 23-40231, 2024 WL 1739753, at *6 (5th Cir. Apr. 23, 2024) (applying the heightened standard of a dismissal with prejudice to a case where the plaintiff's case was dismissed for failure to timely serve and the plaintiff was outside of the ninety-day period to sue provided by the EEOC's right to sue letter); *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (stating that a court has discretion to extend the time for service even without good cause if the applicable statute of limitations would bar the plaintiff from refiling).
[13] Fed. R. Civ. P. 4(c)(1).

**SIGNED** and **ENTERED** on December 15, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**